IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAHEEM CHAMBLISS, ) | |
|     Petitioner, ) | Civil Action No. 7:23cv00447 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD W. CLARKE, Director, ) | By:  Robert S. Ballou |
| Virginia Dep't of Corr., ) | United States District Judge |
|     Respondent. ) | |

Raheem Chambliss, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Danville Circuit Court for second degree murder and possession of a firearm by a convicted felon. The petition was postmarked July 17, 2023, conditionally filed by the court on July 19, 2023, and a conditional filing order was entered on July 24, 2023, advising Chambliss that his petition appeared to be untimely. Among other directives, the order directed Chambliss to respond with any argument or evidence on timeliness that he wished to submit within thirty (30) days. Chambliss did not communicate further with the court, neither paying the filing fee, requesting *in forma pauperis* status, nor submitting evidence or argument regarding timeliness after being given the opportunity to do so. *See Hill v. Braxton*, 277 F.3d 701, 706–07 (4th Cir. 2002). After preliminary review of the petition and of state court records available online, pursuant to Rule 4 of the Rules Governing § 2254 Cases, I find that the petition is untimely and will dismiss it *sua sponte*.

Chambliss alleged that he pled guilty in Danville Circuit Court to second degree murder and felon in possession of a firearm on April 6, 2023, receiving a 33-year sentence, with 11.5 years suspended. He stated that he did not appeal, because his lawyer "denied" him, and that he

did not file a state petition for post-conviction relief. A review of the records on the Virginia Courts Information System online confirmed that Chambliss filed neither an appeal nor a state habeas petition. However, the only convictions he had for second degree murder and possession of a firearm by a felon occurred on April 6, 2021, not 2023 as he mistakenly alleged. The court also convicted him on April 6, 2021, of using a firearm in commission of a violent felony. The court imposed the mandatory consecutive five year sentence for felon in possession of a firearm, the mandatory consecutive three years for using a firearm in commission of a violent felony, and 25 years for second degree murder, with 11.5 years suspended. The combined sentence for the three offenses was 33 years, with 11.5 years suspended, as represented in the petition.

His petition to this court asserts the following grounds for relief, verbatim:

a. Wrongful conviction

b. Improper statements

c. Verocity (sic) of eye witness

d. 2–3 statements didn't match

e. Line-up improper

f. No real solid evidence

Pet, p. 4 ¶¶ 14–15, ECF No. 1. He states that he raised these grounds in a hearing before the trial court before he signed his plea agreement, and the state court records reflect that a hearing was held on a motion to suppress, which was denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    Subsections B, C, and D of the statute allow petitioners to file for habeas relief when later-arising circumstances would preclude relief if the statute of limitations ran from its normal time, the date the judgment became final. *Harris v. Hutchinson*, 209 F.3d 325, 329 (4th Cir. 2000). Chambliss has not alleged any later arising circumstances that would trigger the applicability of subsections B, C, or D, and they do not apply to this case.

    The Danville Circuit Court entered judgment on April 6, 2021. Chambliss had 30 days in which to note his appeal. Rule 5A:6, Va. R. S. Ct. When he did not file an appeal within that 30-day period, by May 6, 2021, the judgment became final under § 2244(d)(1)(A). The one-year statute of limitations began to run on May 6, 2021, and expired on May 6, 2022. Chambliss mailed his petition to this court more than one year later, making it untimely.

    Three possible ways exist for a petitioner to avoid the harsh effect of the statute of limitations: Statutory tolling, equitable tolling, or miscarriage of justice. Statutory tolling under 28 U.S.C. § 2244(d)(2) does not include the days during which a "properly filed application for

State post-conviction" relief is pending in counting the one-year statute of limitations. Because Chambliss did not file a state habeas petition, and the time for doing so has expired (*see* Va. Code § 8.01-654(A)(2)), statutory tolling does not apply. Chambliss has not alleged the existence of extraordinary circumstances which prevented him from timely filing, so equitable tolling does not apply. *See Holland v. Florida*, 560 U.S. 631, 636, 649 (2010).

The miscarriage of justice exception is sometimes inaccurately referred to as the actual innocence exception. This exception disregards the statute of limitations in that rare case in which a litigant presents *new* evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013). Chambliss has alleged a wrongful conviction, and in a letter attached to his petition, he states that he is actually innocent of the crime. This is not sufficient to raise the miscarriage of justice exception. Chambliss has not proffered any new reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not known to him or reasonably discoverable by him at the time of his guilty plea. *Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995). Without such new reliable evidence of actual innocence, he cannot invoke the miscarriage of justice exception.

Chambliss' § 2254 petition is untimely and will be dismissed. A separate order will be entered this date.

Enter: November 6, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge